OPINION
{¶ 1} On February 20, 1993, appellant, James Eugene Hostetter, and appellee, Christina Frances Cotton, were married. One child was born as issue of the marriage, Brandon Hostetter, born September 9, 1993.
 {¶ 2} The parties were granted a divorce on July 3, 1997. Appellant was designated Brandon's residential parent. Appellee was ordered to pay $213.75 per month in child support. Said amount was increased to $329.98 per month on July 10, 2000.
 {¶ 3} On March 7, 2003, appellee filed a motion for the reallocation of parental rights. A hearing before a magistrate was held on May 14, 2003. By order filed May 23, 2003, the magistrate recommended a change of custody to appellee, and recommended that appellant pay $316.18 per month in child support. Appellant filed objections. The trial court denied the objections on September 4, 2003. By judgment entry filed October 15, 2003, the trial court adopted the magistrate's decision.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REALLOCATED PARENTAL RIGHTS AND RESPONSIBILITIES SO AS TO DESIGNATE THE APPELLEE THE SOLE RESIDENTIAL PARENT, AND SUCH REALLOCATION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 II {¶ 6} "THE TRIAL COURT ERRED IN AWARDING CHILD SUPPORT WITHOUT HAVING SUFFICIENT EVIDENCE BEFORE IT TO DO SO."
 I {¶ 7} Appellant claims the trial court erred in designating appellee as the residential parent. He argues this decision was against the manifest weight of the evidence because there had been no substantial change in circumstances, it was not in the best interests of the child and the harm likely to be caused by the change was not outweighed by the advantages. We disagree.
 {¶ 8} Decisions on custody lie within the trial court's sound discretion. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21; Trickey v.Trickey (1952), 158 Ohio St. 9. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemorev. Blakemore (1983) 5 Ohio St.3d 217. Furthermore, a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v.Foley Construction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson, 66 Ohio St.3d 610,1993-Ohio-9. "The reason for this standard of review is that the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." Davis v. Flickinger (1997), 77 Ohio St.3d 415, 418.
 CHANGE OF CIRCUMSTANCES {¶ 9} In his order filed May 23, 2003, adopted by the trial court on October 15, 2003, the magistrate found "the evidence establishes by a preponderance that a change of circumstances has occurred" with respect to appellant, to wit:
 {¶ 10} "a. The plaintiff's experiencing depression and manifesting serious difficulties with control of his anger;
 {¶ 11} "b. The plaintiff's having been convicted of a felony theft offense;
 {¶ 12} "c. The plaintiff's having been convicted of several misdemeanor offenses involving his former girlfriend;
 {¶ 13} "d. The plaintiff's having exposed Brandon to some of his actions involving violence that resulted in his being convicted of the offenses mentioned in item c, above;
 {¶ 14} "e. The plaintiff's having been placed on probation in Licking and Franklin Counties, Ohio, in relation to having been convicted of the offenses described in item c, above; and
 {¶ 15} "f. The plaintiff's failure to facilitate parenting times between Brandon and the defendant and his failure to facilitate visitation between the child and the defendant as well as the child and the defendant's mother."
 {¶ 16} Appellant does not contest these facts, but argues these enumerated events surrounded his life and did not impact the child's environment. As set forth in R.C. 3109.04(E)(1)(a), the "change of circumstances" may be the child's circumstances or the child's residential parent's circumstances.
 {¶ 17} Although appellant minimized the domestic violence in the child's presence (T. at 25), the victim, Heather Chapman, stated the child had been physically present in the home and vehicle wherein the incidents had occurred. T. at 55. Clearly, appellant's depression and the incidents of violence and subsequent probation are a change of circumstances in appellant's life therefore, we find no error in the trial court's determination that a change of circumstances has occurred.
 BEST INTERESTS AND BALANCING TEST {¶ 18} Once a determination of a change of circumstances has been made, the trial court must then determine whether it is in the child's best interests to modify the allocation of parental rights. In making this determination, the trial court must consider whether "[t]he harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child." R.C.3109.04(E)(1)(a)(iii).
 {¶ 19} In determining these issues, the magistrate made eight findings that occurred prior to the divorce decree (a-h). These facts should not have been considered in the case sub judice. The best interests and balancing test are to be viewed in light of the post-decree environment because it is that changed environment that is to be considered. Despite this determination, we nevertheless find the remaining facts support the trial court's conclusion that the best interests of the child would be served by a change in custody. As noted supra, "the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness," as evidenced by Finding "o" which states as follows:
 {¶ 20} "The Magistrate finds that the plaintiff has been seen by Dr. Gorga, a local psychologist, on five separate 55 minute sessions since mid-December of 2002. The Magistrate finds that the evidentiary value of Dr. Gorga's testimony is very limited. He has not observed the plaintiff actually parenting Brandon. The Magistrate finds that the plaintiff has minimized and basically lied about his criminal conduct and his violent and turbulent behavior with respect to Miss Chapman in his sessions with Dr. Gorga. The Magistrate does not accept this witness' proffered opinions that the plaintiff is `functioning very well', that anger is not a problem for the plaintiff, that he adequately parents Brandon, and that he sees no need for counseling `now' as being accurate or convincing. The Magistrate specifically finds the testimony of Miss Chapman and the plaintiff's probation officer, Mr. Wolfe, to be credible, convincing and to be of significantly greater evidentiary weight with regards to the plaintiff's violent conduct and anger control problems. The Magistrate expressly finds that the plaintiff has an appreciable problem with controlling his anger. When one's anger is out of control to the point that he or she is convicted of criminal offenses related to displays of anger, the lack of control is problematic."
 {¶ 21} Upon review, we conclude the evidence supports the trial court's findings and the decision to change custody is not contrary to the evidence.
 {¶ 22} Assignment of Error I is denied.
 II {¶ 23} Appellant claims the trial court erred in awarding child support to appellee as there was insufficient evidence in the record to support the award.
 {¶ 24} Appellant argues no facts were litigated from which the trial court could prepare the worksheet, and the trial court failed to deviate from the calculations given the costs of travel for visitation.
 {¶ 25} In Finding "ff", the magistrate acknowledged the parties are separated by two thousand miles. The magistrate then went on to make specific findings and imputations as to the parties' respective salaries. See, Findings "gg" — "ll". Appellant is correct that the record before us does not include any testimonial evidence of the parties' incomes. However, included in the record are a docketed order and a worksheet in consideration of the Licking County Child Support Enforcement Agency's Administrative Child Support Modification Review Findings and Recommendations. See, Judgment Entry filed July 10, 2000.
 {¶ 26} We note appellant did not object to the child support order in his objections to the magistrate's decision. Pursuant to Civ.R. 53(E)(3)(d), we find this issue has not been preserved for appeal.
 {¶ 27} Assignment of Error II is denied.
 {¶ 28} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Farmer, J., Hoffman, P.J. and Wise, J. concur.